IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINICK BURKE, an individual, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 15 CV 3198 |
| v. | ) Hon. Charles R. Norgle |
| RCN TELECOM SERVICES, LLC, | ) |
| Defendant. | ) |

## ORDER

Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery [2] is granted in part and denied in part.

## STATEMENT

    The Supreme Court's recent decision in Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (Jan. 20, 2016) and the Seventh Circuit's decision in Chapman v. First Index, Inc., 796 F.3d 783 (7th Cir. 2015) abrogated the requirement, set forth in Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011), for Plaintiff to file a motion for class certification contemporaneously with his Complaint to avoid Defendant's "picking-off" of the class representative (Plaintiff in this case). Plaintiff had earlier filed such a motion with his Complaint. One alternative in Plaintiff's motion for class certification, however, asks the Court to defer consideration of the motion until after the completion of a reasonable period for discovery. Defendant has not yet responded to Plaintiff's motion, and the parties' arguments—and therefore their briefs—will likely change after reviewing discovery. In the interest of judicial economy, the Court denies Plaintiff's motion to certify the classes, and grants Plaintiff leave to refile the motion to certify pending the completion of discovery. For the foregoing reasons, Plaintiff's motion is granted in part and denied in part.
    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 23, 2016